**STATE of Minnesota, Respondent,**

v.

**Perlina ROGERS, Appellant.**

**No. C3-84-177.**

Court of Appeals of Minnesota.

May 8, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant:

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. Hennepin County Atty., Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by defendant Perlina Rogers from a sentencing court denial of an 18 month reduction of a 54 month presumptive sentence, Rogers contending she was automatically entitled to such reduction under Minn.Stat. § 244.09, subd. 11. We remand for resentencing.

## FACTS

On July 30, 1981, appellant Rogers fired several rounds from a rifle at 3 individuals and, a short time later, pointed the rifle at a police officer. She was charged with four counts of second degree assault, pled guilty to the assault against the officer under Minn.Stat. § 609.222 (second degree assault) and Minn.Stat. § 609.11, subd. 5 (mandatory minimum sentence for using a gun) and the other charges were dismissed. On November 19, 1981, Rogers was sentenced to 54 months imprisonment, the presumptive sentence under Minn.Stat. § 609.-11, subds. 5 and 6, and Section II.E. of the Minnesota Sentencing Guidelines.

Section II.E. was amended by the Sentencing Guidelines Commission effective November 1, 1983, whereby the presumptive sentence for a mandatory minimum sentence of three years was reduced from 54 to 36 months. Minn.Stat. § 244.09,

subd. 11 (1983) mandates retroactive effect and provides in part:

> Any modification of the guidelines that causes a duration change shall be retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines if the durational change reduces the appropriate term of imprisonment.

*See State v. Northard,* 348 N.W.2d 764 at 767 (Minn.Ct.App. 1984).

The Minnesota Department of Corrections sent an order to the sentencing court which allowed the court to either (1) authorize a reduction of Rogers' sentence to 36 months, (2) maintain her original 54 month sentence, or (3) reduce her sentence to a term of less than 54 months but greater than 36 months. Maintenance of the original sentence of 54 months was considered a durational departure requiring a written report from the Court specifying the substantial and compelling circumstances justifying the departure. *Id.* at 769.

The sentencing court denied Rogers any sentence reduction, reporting its reasons for departure as "the fact a weapon was used in this offense" and that Rogers was "a clear danger to society". The Court arrived at the latter conclusion from information contained in a presentence investigation report which alluded to the prior assaults against the three individuals with which Rogers was charged but not convicted.

## ISSUE

Whether the dangerousness of a defendant and a factor already considered by the legislature in determining the elements of a mandatory minimum sentence are proper factors for a durational departure?

## ANALYSIS

### I

■ The grounds relied upon by the sentencing court were not adequate for a durational departure. The firearm factor was already considered by the legislature in

determining the elements of the mandatory minimum sentence for using a firearm in Minn.Stat. § 609.11, subd. 5, which provides:

> Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, *used, whether by brandishing, displaying, threatening with, or otherwise employing,* a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than three years ....

(Emphasis added). Pointing a rifle at a police officer is within the language of the statute and, therefore, cannot also be used as a basis for a durational departure. *See Northard,* at 768.

 The "clear danger to society" factor, likewise does not justify a durational departure. Although the dangerousness of a defendant may be a factor in a dispositional departure, it is not a proper factor for a durational departure. *Id.* at 769; *State v. Ott,* 341 N.W.2d 883 (Minn.1984); *State v. Gardner,* 328 N.W.2d 159 (Minn. 1983). There was no attempt by the sentencing court to identify the factual basis for this conclusion, other than by reference to a presentence investigation report of three separate charges of assault with the same weapon which charges were later dropped.

The State argues these assaults could properly be considered as an aggravating factor because they were part of the conduct underlying the convicted offense. However, these alleged assaults took place at an earlier time involving different persons.

> If evidence only supports defendant's guilt of some *other* offense but *does not support* the *conclusion that the defendant committed* the *instant offense* for which he is being sentenced in *a particularly serious way* then it cannot be relied upon as a ground for departure.

*State v. Ott,* 341 N.W.2d 883, 884 (Minn. 1984) (emphasis added). *See Northard,* 768–769; *State v. Peterson,* 329 N.W.2d 58 (Minn.1983). The other assaults are not a permissible basis for departure.

## DECISION

There being no significant aggravating circumstances present to justify a durational departure, Rogers' sentence must be reduced to 36 months.

Remanded for resentencing.