**STATE of Minnesota, Respondent,**

v.

**Joy M. TURCOTTE, Appellant.**

**No. C5-84-178.**

Court of Appeals of Minnesota.

May 15, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul., Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

Considered and decided by WOZNIAK, P.J., HUSPENI, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Turcotte appeals from an order denying a reduction in her sentence. She had requested resentencing pursuant to Minn. Stat. § 244.09(11) (Supp.1983) because the presumptive sentence for the crime she had committed had been reduced from 54 to 36 months. We affirm.

## FACTS

On August 13, 1982, Turcotte pled guilty to assault in the second degree, Minn.Stat. § 609.222 (1982). She had stabbed her boyfriend with a knife, causing injury to his hand and abdomen. The trial judge sentenced Turcotte to 54 months imprisonment, the presumptive sentence under the Sentencing Guidelines II.E.

On November 1, 1983, Section II.E. of the sentencing guidelines was amended to provide for a presumptive sentence of 36 rather than 54 months. Pursuant to Minn. Stat. § 244.09(11) (Supp.1983), the presumptive sentence was made "retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines".

On November 8, 1983, the trial judge issued an order to maintain the original 54-month sentence. He submitted a departure report which stated, among other things:

> It should also be noted that the defendant committed the crime, one which resulted in injury to the victim, while on parole for a crime in which the victim also sustained serious injuries. The court finds this to be an aggravating

factor which in and of itself would justify departure.

The earlier conviction occurred on August 16, 1978 for aggravated assault, Minn. Stat. § 609.225 (1978). At that time, the defendant had pled guilty to shooting her boyfriend with a shotgun.

## ISSUE

Was the durational departure upon resentencing of appellant, pursuant to Minn. Stat. § 244.09(11) (Supp.1983), supported by substantial and compelling circumstances?

## ANALYSIS

Although Minn.Stat. § 244.09 (1982) requires the retroactive application of the guideline sentence, it does not mandate retroactivity in every circumstance. We held in *State v. Northard,* 348 N.W.2d 764 (Minn.Ct.App.1984):

> The November 1983 changes lowered the *presumptive* sentences for mandatory minimum offenses. If the individual case involved substantial and compelling circumstances, the sentencing judge could depart from the new presumptive sentence, so long as written reasons specifying the substantial and compelling circumstances were provided.

*Id.* at 767 (emphasis in original). Here, the trial judge submitted his departure report based on the appellant's prior conviction for a felony resulting in the victim's injury. Under the current guidelines, this is one aggravating factor that may be considered to justify upward departure in a defendant's sentence:

> The current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured.

Minnesota Sentencing Guidelines II.D. 2.b.(3) (1983). Use of this factor had been approved in *State v. Lindsey,* 314 N.W.2d 823, 825 (Minn.1982), which affirmed the trial court's upward departure in a sentence for aggravated robbery involving in-

jury to the victim. The defendant earlier had been convicted for a felony resulting in injury to another.

Appellant contends that it is unfair to consider her prior offense as an aggravating factor because it already has been taken into account in computation of the presumptive sentence, and because she was adequately punished for that offense. It is true that her current sentence is based on the fact that she had two criminal history points prior to sentencing and that both offenses involved the use of a dangerous weapon. But this does not end the inquiry. The commission clearly intends that the sentencing judge will consider those individual factors that make a case particularly egregious. The repetition of personal injury is one such factor.

Appellant contends that certain circumstances ought to counteract the effect of an upward departure: she is still on good terms with the victim and he was not injured severely. There is no authority for finding that these circumstances are mitigating within the meaning of the sentencing guidelines. Therefore, the sentencing court was correct not to consider them.

### DECISION

■ The repetition of crimes resulting in injury to the victim was a substantial and compelling factor that justified maintaining Turcotte's original 54-month sentence.

We affirm.