**STATE of Minnesota, Respondent,**

v.

**Billy Wayne KENNEDY, Appellant.**

**Nos. C2–84–42, C1–84–257.**

Court of Appeals of Minnesota.

May 22, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Tom Foley, Ramsey County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J.,. and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is a consolidation of two sentencing appeals. Defendant pled guilty to four counts of aggravated robbery and one count of second degree aggravated assault. In December, 1982, the trial court sentenced him to 54 months for each offense, which was the presumptive, mandatory minimum sentence. Four of the sentences were ordered to be served consecutively. This gave defendant an aggregate sentence of 216 months. The trial court refused to reduce this sentence to conform to the modification in guidelines on November 11, 1983.

We affirm.

## FACTS

The maximum presumptive sentence for these five aggravated offenses against separate victims would have been 270 months, i.e., five times the then minimum sentence of 54 months. The trial judge elected to make four of the five sentences run consecutively and the fifth concurrent.

The original sentence of 216 months was appealed to and upheld by the Minnesota Supreme Court which held that there was no merit to defendant's claim that consecutive sentencing in his case unfairly exaggerated his criminality. *State v. Kennedy*, 342 N.W.2d 631 (Minn.1984). The change in the guidelines was not before the Supreme Court on the appeal.

After the November 1, 1983 guidelines modification, defendant requested resentencing. The trial judge refused to change the original 216 months sentence. The departure reasons cited for the conviction on second degree assault were valid. The judge referred to the three aggravated robbery files, but did not cite specific reasons for departure on these three crimes.

## ISSUE

Is defendant entitled to an automatic retroactive modification of his sentence?

## ANALYSIS

We can only sympathize, in these sentencing appeals, with trial judges who have already thoughtfully determined and pronounced sentence, only to have the guidelines force them to either resentence or to go back through the record and determine reasons for departure. This trial judge clearly considered the types of convictions, determined to sentence consecutively because of the aggressive assaultive nature of the five convictions, and chose a substantial sentence that was less than the maximum then allowed by law.

The victim of the second degree assault nearly died from blood loss from the gunshot wound. This plea was negotiated and the charges of attempted murder in the first and second degree and assault in the first degree were dropped. Minn.Stat. § 609.222 (1982) states:

> Whoever assaults another with a dangerous weapon but *without inflicting* great bodily harm * * *.

(Emphasis added.)

The trial judge cited the extreme harm to the victim as a reason for departure. Painful, debilitating and near fatal injuries are

not part of the crime of second degree assault, and justify departure.

On three of the aggravated robbery convictions (another being dropped by plea negotiation), three young women and a man were trussed like cattle with their hands and one leg tied behind them with electrical cord, and forced to lie face down with pillows over their heads to prevent them from seeing what was going on. One of the women was fondled in the crotch during the robbery. The trial judge referred to these files as reasons for refusing to depart, but did not cite specific reasons. The degrading and demeaning treatment of these victims is not necessary to aggravated robbery and constitutes particular cruelty to each victim adequately justifying the limited durational departure from 180 to 216 months. *See, State v. Hamilton,* 348 N.W.2d 112, (Minn.Ct.App.1984).

### DECISION

Although not stated by the trial judge, the record discloses particular cruelty to victims of aggravated robbery by forcing them to lie face down with hands and legs tied with wire behind their heads and pillows over their heads, to justify refusal to resentence under the November 1, 1983 guideline modification. We affirm.