**STATE of Minnesota, Respondent,**

v.

**Charles J. BARRETT, Appellant.**

No. C6–84–321.

Court of Appeals of Minnesota.

May 22, 1984.

Review Denied Aug. 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

386

## OPINION

NIERENGARTEN, Judge.

This is an appeal by defendant Barrett from a sentencing court denial of an 11 month reduction of a 54 month presumptive sentence. Barrett claims he was automatically entitled to such reduction under Minn.Stat. § 244.09, subd. 11. We reverse and remand for resentencing.

On September 26, 1981, appellant Barrett robbed a convenience store in South Minneapolis, armed with a knife. A clerk suffered a cut to his hand in a scuffle with Barrett, who was charged with aggravated robbery in violation of Minn.Stat. § 609.245 and § 609.11. On October 26, 1981, Barrett was sentenced to 54 months imprisonment, the presumptive sentence under Minn.Stat. § 609.11, subds. 4 and 6 and Section II.E. of the Minnesota Sentencing Guidelines.

Effective November 1, 1983, section II.E. of the Guidelines was amended whereby the presumptive sentence for an inmate serving a mandatory minimum sentence of three years was reduced from 54 to 36 months. For an inmate who had a criminal history of 2, as did Barrett, the presumptive sentence became 41 months. The reduced presumptive sentences are retroactive for those inmates sentenced before November 1, 1983. Minn.Stat. § 244.09, subd. 11 (1983). *See State v. Rogers,* 347 N.W.2d 551 (Minn.App.1984).

The Minnesota Department of Corrections sent an order to the sentencing court which allowed the judge to either (1) authorize a reduction of Barrett's sentence to 41 months, (2) maintain his original 54 month sentence, or (3) reduce his sentence to a term of less than 54 months but greater than 41 months. Maintenance of the original sentence of 54 months required a departure report from the court specifying the substantial and compelling circumstances justifying the departure. *State v. Northard,* 348 N.W.2d 764 at 769 (1984).

The sentencing court maintained the 54 month sentence but did not file a departure report or otherwise submit written reasons for justifying the departure.

Barrett argues that he is automatically entitled to have his sentence reduced from 54 months to 41 months regardless of the existence of aggravating circumstances. This argument is without merit. This court has held that not every inmate serving a mandatory minimum sentence is automatically entitled to a reduction. If a case involved substantial and compelling circumstances, a sentencing judge could depart from the new presumptive sentence, "so long as written reasons specifying the substantial and compelling circumstances were provided." *Id.* at 767.

[2] The trial court refused to reduce Barrett's sentence in response to the November 1983 changes. However, the court did not file a departure report or otherwise submit written reasons for maintaining the original sentence. "Maintaining the original sentence without specifying reasons for departure was error." *Id.* at 769.

## DECISION

Because the sentencing court did not file a departure report or otherwise submit written reasons for maintaining the original sentence, Barrett's sentence must be reduced to 41 months.

Reversed and remanded for resentencing.