STATE of Minnesota, Respondent,

v.

Gary L. WILLIAMS, Appellant.

No. C0–84–10.

Court of Appeals of Minnesota.

June 5, 1984.

Review Granted Aug. 3, 1984.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas R. Johnson, Henn. County Atty., Paul Jennings, Asst. Henn. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Gary Williams was convicted of two counts of aggravated robbery and one count of burglary. Minn.Stats. §§ 609.05, 609.11, 609.245, 609.58, subd. 2(1)(b) (1982). He was sentenced to two consecutive 54-month terms for the robbery and one concurrent 54-month term for the burglary. These were the presumptive lengths for the mandatory minimum sentences under the Guidelines at the time the offenses occurred. On November 1, 1983, the presumptive duration for mandatory minimum sentences was retroactively reduced. Williams appeals, contending that the trial court's decision to maintain his original sentence without specifying reasons, was reversible error. We reverse.

## FACTS

Williams and two accomplices entered a house while the residents were out. When the residents returned, Williams and his companions confronted them with guns. They were tied up, threatened and robbed. Williams appealed his robbery and burglary conviction and the 108-month sentence to the Minnesota Supreme Court. The con-

viction and sentence were upheld in *State v. Williams*, 337 N.W.2d 387 (Minn.1983).

## ISSUE

In light of the retroactive reduction of mandatory minimum sentences, did the trial court err in maintaining the original sentence without specifying departure reasons?

## ANALYSIS

 Effective November 1, 1983, the Guidelines Commission reduced the mandatory minimum sentences under which Williams was sentenced. In *State v. Northard*, 348 N.W.2d 764, 767 (Minn.App. 1984), we held that this reduction was retroactive for those inmates sentenced pursuant to the Guidelines. We also held that the sentencing judge could depart from the new reduced presumptive sentence so long as substantial and compelling reasons were provided in writing. *Id.* at 769. Maintaining the original sentence in these circumstances is a departure.

In *State v. Clark*, 348 N.W.2d 764, a case consolidated with *Northard*, we held that "[m]aintaining the original sentence without specifying reasons for departure was error," requiring a reduction to the new presumptive sentence. This case is controlled by *Clark*. The sentencing court did not provide reasons for maintaining the original sentence after the legislature and the Sentencing Guidelines Commission retroactively reduced the sentence.

## DECISION

 The Department of Corrections is ordered to reduce Williams' sentence to an aggregate sentence of 80 months, determined as follows: 44 months for one count of aggravated robbery with a consecutive 36-month sentence for the second count of aggravated robbery, and a concurrent sentence of 36 months for burglary. The basis for this sentence is that the Guidelines provide that the mandatory minimum sentences are given when they are longer than the sentence for the underlying offense provided in the grid. The sentence for the first count of aggravated robbery for Williams is 44 months, the sentence under the grid, since this is longer than the 36-month mandatory minimum sentence. The sentence for the second count of aggravated robbery is 36 months, since the second count's sentence under the grid is only 25 months and is less than the 36-month mandatory minimum sentence. *See* Minnesota Sentencing Guidelines, II.F (criminal history score is 0 when computing other sentences in a consecutive sentence).

Reversed.