**STATE of Minnesota, Respondent,**

v.

**Gerald HYSELL, Appellant.**

**No. C2–84–526.**

Court of Appeals of Minnesota.

July 24, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Larry Collins, Waseca County Atty., Waseca, for respondent.

Considered and decided by LANSING, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Gerald Hysell appeals from an order denying post-conviction relief under Minn. Stat. § 590 (1982). He maintains that the legislative change in the "good time" law, together with the Sentencing Guidelines Commission's reduction of the presumptive duration for mandatory minimum sentences, should have resulted in a reduction of his sentence from 54 to 36 months.

We affirm the post-conviction court's denial of relief.

## FACTS

Hysell was charged with aggravated robbery in violation of Minn.Stat. § 609.245 (1982). After plea negotiations with the County Attorney, Hysell pleaded guilty to the charged offense and agreed to provide testimony and information. In return, the

County Attorney agreed to request the court to depart from the guidelines and impose a 54-month sentence.

At the sentencing, the County Attorney moved the court "to sentence the defendant without regard to the fact that he was sentenced for attempted aggravated robbery arising out of an incident of January 23, 1970, at which time an accomplice brandished and displayed a firearm, and * * * to reduce the sentence from the presumptive guidelines of eighty-one months down to fifty-four months." The sentencing court granted the motion, stating "Now, you understand that is a deviation from the regular guidelines wherein you would really be committed for eighty-one months; do you understand that?" Hysell replied, "Yes, sir."

### ISSUE

Is appellant entitled to a sentence reduction from 54 to 36 months under the legislative change in the "good time" law and the corresponding Sentencing Guidelines Commission's reduction of presumptive duration for mandatory minimum sentences?

### ANALYSIS

At the time of sentencing, Hysell had a criminal history score of five, which, if no other factors were considered, would have resulted in a presumptive executed sentence of 81 months for aggravated robbery. Hysell contends that his 54-month sentence was not a departure from the presumptive sentence of 81 months but was imposed under Minn.Stat. § 609.11 (1982) and the corresponding sentencing guidelines which prescribe the minimum sentence when the offense involves the use of a gun. He then argues that he is entitled to the retroactive reductions applied to these minimum mandatory sentences that became effective November 1, 1983. *See State v. Northard,* 348 N.W.2d 764 (Minn.Ct.App.1984).

Hysell's position is not supported by the facts or the law. Under Section II.E. of the Minnesota Sentencing Guidelines, an offender who is convicted of an offense with a mandatory minimum sentence has a presumptive sentence of either the mandatory minimum or the time specified by the guidelines grid, *whichever is longer.* The guidelines grid that applied to Hysell required a sentence of 81 months, which is longer than the 54-month mandatory minimum sentence for a *first* offense using a firearm. However, this was not Hysell's first conviction for an offense using a firearm. In 1970 he was convicted of aggravated robbery. Under Minn.Stat. § 609.11 and the Minnesota Sentencing Guidelines as they existed in 1982, the presumptive sentence for a second offense using a firearm was 90 months. Thus, we cannot accept Hysell's argument that he was sentenced under the "mandatory minimum" rather than the guidelines grid for the offense itself because under the "mandatory minimum" law his second firearm offense would have required a presumptive sentence of 90 months. Although this minimum was also reduced effective November 1, 1983, the reduction to 60 months still exceeds Hysell's 54-month sentence.

Thus, while it appears the presumptive sentence was 90, not 81, months, the facts clearly show that the sentence was not a "mandatory minimum" but a departure from the 81-month sentence for the aggravated robbery offense itself. The County Attorney moved for departure and the sentencing judge specifically asked Hysell if he understood that his sentence was a deviation from the 81-month presumptive sentence. Although Hysell responded that he understood, he now claims that the facts are not as they appear in the record. His claim fails. The County Attorney's use of the 54-month mandatory minimum for a first-time firearm offense as a base line for his plea negotiation does not convert the sentence to a mandatory minimum sentence. The 54-month sentence was a downward departure from the presumptive sentence for aggravated robbery.

### DECISION

We affirm the post-conviction court's denial of relief.