**Gary L. WILLIAMS, Respondent,**

v.

**STATE of Minnesota, Petitioner, Appellant.**

**No. C0–84–10.**

Supreme Court of Minnesota.

Feb. 8, 1985.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County Atty., Paul R. Jennings, Asst. County Atty., for appellant.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for respondent.

## OPINION

TODD, Justice.

This case involves sentencing guidelines issues. Respondent Williams contends that the required resentencing procedures adopted by the Minnesota Legislature in 1983 mandate a reduction in his previously imposed sentence. The State argues that a failure to file a departure report does not preclude a departure from the sentencing guidelines. The Minnesota Court of Appeals held that the reductions in mandatory sentences adopted by the legislature do not automatically require a reduction in Williams' sentence and that the trial court's failure to file a departure report at the time of resentencing precludes departure.

We affirm the Court of Appeals on the issue of whether a reduction in Williams' sentence is required, but reverse its determination as to the validity of the sentencing departure under the facts of this case. We also prospectively adopt rules concerning departure reports.

This case was previously before us. *See State v. Williams,* 337 N.W.2d 387 (Minn. 1983). The facts relating to the crime for which Williams was sentenced appear in that opinion and in the opinion of the Court of Appeals from which this appeal was taken. *See State v. Williams,* 349 N.W.2d 332 (Minn.App.1984). Therefore, we will not restate those facts. The issues presented are:

1. Whether Minn.Stat. § 244.09, subd. 11 (Supp.1983), requires an automatic reduction in an inmate's sentence, if the sentence imposed was the presumptive sentence under the sentencing guidelines and the presumptive guidelines sentence is later reduced?

2. Whether the Court of Appeals erred in reducing Williams' sentence solely because the trial court did not submit a departure report when it considered resentencing?

1. In 1983 the Legislature amended Minn.Stat. § 244.09, subd. 11 (1982) to read:

> Subd. 11. **MODIFICATION; RETROACTIVE EFFECT.** The commission shall meet as necessary for the purpose of modifying and improving the guidelines. *Any modification of the guidelines that causes a duration change shall be retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines if the durational change reduces the appropriate term of imprisonment.*

Act of June 9, 1983, ch. 274 § 10, 1983 Minn.Laws 1171, 1177 (addition underlined). The same legislation included a provision which now permits good time credit to be earned by persons serving mandatory minimum sentences. *Id.* at § 6, 1983 Minn. Laws 1175–76. Pursuant to this change, the Minnesota Sentencing Guidelines Commission lowered the presumptive sentence for the offense Williams committed. *See* M.S.G II.E. (amended November 1, 1983).

Williams maintains the 1983 amendment to Minn.Stat. § 244.09, subd. 11, was intended to provide automatic sentence reductions for those inmates serving presumptive guidelines sentences if the presumptive sentence for the offense committed is later reduced. His contention, however, conflicts with the Court of Appeals' decision in *State v. Northard,* 348 N.W.2d 764 (Minn.App.1984). In *Northard,* the Court of Appeals held that a defendant serving a presumptive sentence is not entitled to benefit from a later reduction in the presumptive guidelines sentence if the trial court can justify the existing sentence on the basis of valid durational departure reasons. *Id.* at 767.

The *Northard* view of the 1983 amendment coincides with that taken by the Department of Corrections. To effectuate the sentence reductions described in Minn.Stat. § 244.09, subd. 11 (Supp.1983), the Department of Corrections provided trial courts with retroactive sentencing forms for all inmates affected by guideline changes. These form orders presented the original sentencing judge with three resentencing alternatives; two of which permit upward departure from the new presumptive guidelines sentence. Clearly, the Department of Corrections believes the 1983 amendment to subdivision 11 was not intended to provide automatic sentence reductions.

Although we have not previously had to decide the issue now raised, our understanding of the 1983 amendment has been the same. In *State v. Gist,* 358 N.W.2d 664 (Minn.1984), we said:

> The presumptive sentence duration at the time defendant was sentenced was 54 months. As a result of 1983 legislation, good time can now be earned off mandatory minimum sentences. Minn.Stat. § 244.04, subd. 1 (1983). The Sentencing Guidelines Commission responded to this change by reducing what it termed "the inflated presumptive sentences." Summary of Major Sentencing Guidelines

Changes, Minnesota Sentencing Guidelines and Commentary (1983). A mandatory minimum of 3 years now yields a presumptive sentence duration of 36 (rather than 54) months or the cell time, whichever is longer. These reductions in presumptive sentence durations are retroactive. Minn.Stat. § 244.09, subd. 11 (1983); Summary of Major Sentencing Guidelines Changes, Minnesota Sentencing Guidelines and Commentary (1983). Because there were no substantial and compelling circumstances justifying a durational departure, defendant's sentence must be reduced to 36 months.

*Id.* at 668 n. 3; *see also State v. Frost,* 342 N.W.2d 317, 324 n. 1 (Minn.1983).

Williams' argument that sentence reductions are automatic is based primarily upon the use of the word "shall" in the language added to Minn.Stat. § 244.09, subd. 11. He argues that because "shall" was used, a presumption arises that sentence reductions are mandatory.

Adoption of Williams' view, however, would create a disparity in the possible sentences which could be imposed for the same offense before and after November 1, 1983. For example, no defendant sentenced before November 1, 1983 for commission of a firearm-related offense could be resentenced to a term of imprisonment between 36 and 54 months. Since an original sentence of between 36 and 54 months for this offense would not have been a departure prior to November 1, 1983, under Williams' view, that sentence must be reduced to 36 months even though a departure from the new presumptive sentence of 36 months could be justified. If the same defendant, however, were sentenced after November 1, 1983, a sentence of between 36 and 54 months could be imposed if departure was justified. We do not believe the legislature intended this disparity.

Therefore, we hold that the 1983 amendment to Minn.Stat. § 244.09, subd. 11, does not mandate a reduction in a previously imposed presumptive sentence if departure from the new guidelines sentence can be justified.

2. The trial court, at the time of Williams' original sentencing, imposed two consecutive sentences of 54 months for his convictions of aggravated robbery and a concurrent sentence of 54 months for his conviction of burglary. We sustained those sentences in *State v. Williams,* 337 N.W.2d 387 (Minn.1983). In that opinion, we quoted the trial court's justification for imposing consecutive sentences. *Id.* at 390. That statement was read into the record and the reasons given there would also have justified an upward durational departure from the sentencing guidelines.

Over a year after Williams was sentenced, the trial court received a resentencing form from the Department of Corrections. The trial judge checked a box on that form which states: "Maintain original sentence. (Please check if this option is chosen, sign in section below and submit a departure report.)" The trial judge signed the form, but did not submit a departure report.

The Guidelines provide "[w]hen departing from the presumptive sentence, a judge must provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable or equitable than the presumptive sentence." M.S.G. II.D. Minn.R.Crim.P. 27.03, subd. 4(C) was drafted to establish the mechanics of departure reporting. It states: "For felony cases, if the sentence imposed deviates from the sentencing guidelines applicable to the case, the court shall state into the record findings of fact as to the reasons for departure and shall forward, or shall cause to be forwarded, to the sentencing guidelines commission a copy of the transcript of that portion of the record or a completed departure form as provided by the commission."[1]

---

**1.** Neither the Rules of Criminal Procedure nor the Sentencing Guidelines provide a time limitation for providing the Sentencing Guidelines Commission with the required portion of the

■ In the past this court has been lenient in enforcing the literal requirements for a departure report. In this case we will overlook the fact that the reasons set forth by the trial judge were in justification of consecutive sentencing. They will suffice as a departure report.

■ In order to ensure future compliance, however, with the sentencing guidelines requirements, we prospectively adopt, effective the date this opinion is filed, the following general rules:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

Affirmed in part, reversed in part.

sentencing record containing the reasons for departure or a completed departure form. We suggest to the trial courts that action be taken within 60 days of sentencing to ensure that the required portion of the sentencing record or a departure form will be forwarded to the Sentencing Guidelines Commission.