**Thomas Hardin HAMILTON,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–86–613.**

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Denied March 13, 1987.

C. Paul Jones, State Public Defender, Melvin B. Goldberg, Sp. Asst. Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Mark Nathan Lystig, Asst. Co. Atty., Hastings, for respondent.

Heard, considered, and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from an order denying appellant Thomas Hardin Hamilton's request for a retroactive application of a 1983 reduction in the guidelines presumptive sentence. We affirm.

## FACTS

Appellant Thomas Hamilton was sentenced in July 1983, following his plea of guilty to one count of second degree criminal sexual conduct. Because Hamilton was involved in his second firearms offense, a mandatory minimum of sixty months was applied. Minn.Stat. § 609.11, subd. 5 (1982) (mandatory minimum for second firearms offense). The Guidelines Commission, however, in order to allow such offenders to earn "good time," established a presumptive sentence of ninety months. The plea agreement contemplated a ninety month sentence; the state agreed not to seek an upward departure.

At his guilty plea hearing, Hamilton admitted picking up his stepdaughter at a bus stop on the pretext of showing her the car he was driving, which he claimed he could buy for her. He drove her to a remote area, where he began discussing charges she was making based on an earlier incident. He admitted that he pointed a weapon in her direction during this discussion. He then tied her up and drove her to a rented garage stall, where he had intercourse with her while she was tied and gagged. While in the garage, he heard noises outside. Hamilton admitted he may have threatened his stepdaughter that he would kill her if discovered. He then left her in the unheated garage stall, tied and gagged, although the outside temperature was only eighteen degrees Fahrenheit.

A presentence investigation (PSI) report was prepared and submitted to the court. The report noted the plea agreement under which Hamilton would be sentenced to ninety months if he was not accepted into the St. Peter State Hospital treatment program. The report, however, recommended a fifty-four month sentence, apparently due to an error in computing the mandatory minimum sentence.[1] Following his rejection by the St. Peter treatment program, the trial court sentenced Hamilton to ninety months imprisonment.

In June 1983, the legislature provided that "good time" could be earned on mandatory minimum sentences at the real level, not the artificially pumped-up level previously used.[2] Minn.Stat. § 244.04, subd. 1 (Supp.1983). The legislature also provided

---

1. The apparent mistake was the probation officer's recommendation of a fifty-four month sentence to ensure that appellant would actually serve thirty-six months. The probation officer based his recommendation on a similar but irrelevant portion of the statute calling for a three rather than a five-year minimum (first firearm offense, Minn.Stat. § 609.11, subd. 5).

2. Prior to June 1983, to ensure that someone who received thirty-six months would actually serve thirty-six months, a sentence of fifty-four months was imposed. Then, after allowance of the standard one-third good time, the person would actually serve thirty-six months. The same was true of the sixty-month minimum for a second firearms offense. The sentence would be artificially raised to ninety months, thus meaning that after good time credit, there would still be sixty months incarceration. The 1983 legislation was passed specifically to prohibit this practice and to mandate that a person serving a three-or five-year minimum would be sentenced to just the thirty-six or sixty months and then be allowed to accumulate good time as all other inmates.

for retroactive effect of guidelines modifications. Minn.Stat. § 244.09, subd. 11 (Supp.1983). The Guidelines Commission responded to the allowance of good time by reducing the presumptive sentences for "mandatory minimum" offenses. Minnesota Sentencing Guidelines II.E. The presumptive sentence for Hamilton's offense was reduced to sixty months, which good time would result in forty months' incarceration.

The Guidelines Commission sent resentencing forms to trial court judges, permitting them to depart upward from the new presumptive sentences as long as they followed certain procedures. In November 1983, the trial court declined to reduce Hamilton's sentence, and filed an upward departure report. The court found aggravating circumstances in the series of acts committed by Hamilton, his abuse of his stepdaughter's trust, the unusually cruel manner in which the crime was committed, and his use of a weapon. This court affirmed, *State v. Hamilton,* 348 N.W.2d 112 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984). Although the use of a weapon is not a permissible aggravating factor, this court held the other three factors sufficient to justify the departure. *Id.* at 114.

Hamilton then filed a petition for habeas corpus in federal district court, claiming the *ex parte* resentencing procedure violated his constitutional rights. The federal court agreed and ordered a resentencing hearing at which Hamilton could appear and be represented by counsel.

At this court-ordered hearing, each party argued the circumstances it considered either mitigating or aggravating. The investigating officer testified for the State on the aggravating factors, but the court did not allow him to testify to statements made to him by the victim or others. Hamilton urged the court to decide the departure issue on the record, but without taking evidence. Hamilton submitted the PSI, which was not in the file, and which he claimed was a mitigating factor. Hamilton also testified to his progress in treatment.

The trial court denied Hamilton's request for a reduction in sentence. It found aggravating circumstances in the unusual cruelty with which the offense was committed and in Hamilton's abuse of the victim's vulnerability and trust.

## ISSUES

1. Should the 1983 guidelines changes be reinterpreted to be automatically retroactive?

2. Did the trial court abuse its discretion in departing from the new guidelines presumptive sentence?

## ANALYSIS

### I

*Retroactivity of Guidelines Modification*

Hamilton contends the issue of automatic retroactivity of guidelines modifications, decided in *State v. Northard,* 348 N.W.2d 764 (Minn.Ct.App.1984) and *Williams v. State,* 361 N.W.2d 840 (Minn.1985), should be reexamined because the procedure selectively used in applying the guidelines changes was constitutionally defective.

■■■ The validity of the "paper hearings" procedure used to apply to guidelines modifications is not at issue here, nor was it at issue in *Northard* or *Williams. See Williams,* 361 N.W.2d at 843 (resentencing form mentioned only for failure to list reasons for departure). The holdings in these cases do not rely on the Department of Corrections and the Guidelines Commission procedures. Thus, constitutional defects in "paper hearings" do not invalidate the *Northard* and *Williams* holdings that guidelines modifications are not automatically retroactive. Any deficiency in the "paper hearings" procedure can be remedied by requiring formal hearings, as the federal court did here, not by automatically applying the guidelines modifications.

The issue of retroactivity was decided in *Northard* and *Williams,* and we decline appellant's request to reexamine those

holdings. We see no need to reexamine those holdings. Hamilton has received the hearing the federal court ordered to comply with due process. There is no prejudice to him in the history of "paper hearings." Not only has he presented the evidence favorable to him, he has also succeeded in keeping out testimony of the investigating officer relevant to the facts of the offense.

The State contends it should have been allowed to introduce further testimony from the investigating officer, including hearsay statements. This is not the time, however, to address this evidentiary issue. We recognize the possible prejudice to the State in arguing for an upward departure based solely on the transcript of the guilty plea hearing. *See State v. Winchell,* 363 N.W.2d 747, 749 (Minn.1985) (sentencing court not required to accept defendant's version of the crime as stated at a guilty plea hearing). Here, however, the court decided to depart upward, we are affirming, and thus the State can show no prejudice by the trial court's ruling.

## II

### *Trial Court Discretion*

Hamilton argues that the trial court abused its discretion by departing upward from the sixty months' presumptive sentence.[3] This court, however, has previously affirmed the departure based on three of the four aggravating circumstances cited by the trial court in 1983. *State v. Hamilton,* 348 N.W.2d at 114–15. Hamilton now argues that the court failed to consider the PSI, which he claims is a mitigating factor because it recommended fifty-four months, a shorter sentence.

A PSI with a favorable recommendation is not, by itself, a mitigating factor. Mitigating, as well as aggravating, factors are circumstances related to the offender, the offense, or the victim. *See* Minnesota Sentencing Guidelines II.D.2. The PSI was a recommendation to the

court and, in fact, did not reflect mitigating factors. From every indication in the record, the recommendation resulted not from classic mitigating factors, but from a mistake as to the mandatory minimum sentence. *See* Minn.Stat. § 609.11, subd. 5 (1982) (three year minimum for first firearms offense). Even assuming, arguendo, that a PSI can be a mitigating factor, it does not compel a downward departure or prevent an upward departure. We recognize that Hamilton testified to his progress in treatment, and the record supports his claimed progress. However, a court must look at the totality of the circumstances, and here it supports the upward departure. *See State v. Hamilton,* 348 N.W.2d at 115.

## DECISION

Appellant was not entitled to automatic retroactive application of the 1983 guidelines modifications. The trial court's upward departure was not an abuse of discretion.

Affirmed.

---

3. The "upward" departure resulted from the trial court's leaving the previously imposed ninety month sentence alone, which means that appellant will serve sixty months rather than reduce the sentence to sixty months, meaning appellant would serve forty months.