Robert Alan BLACK, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

Nos. A06–166, A06–311.

Court of Appeals of Minnesota.

Jan. 9, 2007.

John M. Stuart, State Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, Minneapolis, MN, for appellant.

Lori R. Swanson, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, MN; and Gregory D. Larson, Hubbard County Attorney, Hubbard County Courthouse, Park Rapids, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; WORKE, Judge; and ROSS, Judge.

## OPINION

WORKE, Judge.

On appeal from an order denying a post-conviction petition, appellant argues that (1) consecutive sentencing was a departure that was not properly supported by offense-related aggravating factors, and (2) his failure to cooperate with the PSI, to appear for sentencing, and to abide by his conditions of release were all offender-related factors that cannot be used to support the departure. We affirm.

## FACTS

In May 2000, appellant Robert Alan Black was charged with first-degree controlled-substance crime, in violation of Minn.Stat. § 152.021, subd. 2a (1998). In September 2001, appellant was charged with two counts of terroristic threats, in violation of Minn.Stat. § 609.713, subd. 1 (2000), after threatening an individual he believed was going to testify against him in the pending drug case. The complaint was amended to first-degree tampering with a witness, in violation of Minn.Stat. § 609.498, subd. 1(a) (2000).

On October 31, 2001, appellant entered an *Alford* plea to both charges. Under the plea agreement, appellant was to be sentenced to 81 months in prison on the drug charge with concurrent time on the witness-tampering charge. The presumptive sentences were a commitment of 86 months (range of 81 to 91 months) in prison on the drug charge, and a concurrent, stayed sentence of 28 months on the witness-tampering charge. If the sentences were run consecutively (a departure), the sentence on the witness-tampering charge would be 18 months in prison. When appellant presented his plea, the district court explained that it did not accept the plea agreement relative to the contemplated sentence and would exercise

discretion regarding the sentence. Because a presentence investigation had not been completed, sentencing was scheduled for a later date. The district court did not accept the sentencing terms but stated that it would consider following the negotiated plea at sentencing if no aggravating circumstance occurred between the date of the plea agreement and sentencing or that there were no aggravating circumstances that appellant had not yet disclosed. In receiving the plea, the district court further stated, "If you proceed with the plea and I do find aggravating circumstances, then I will not allow you to withdraw your plea at a later date." Appellant failed to appear for the PSI and sentencing, and was arrested in Massachusetts and extradited to Minnesota.

In September 2002, the district court found aggravating circumstances: appellant failed to cooperate with the PSI, failed to appear for sentencing, and failed to abide by the conditions of release. Appellant was sentenced to 91 months on the drug conviction and 18 months, consecutive, on the witness-tampering conviction. No direct appeal was filed.

In February 2005, appellant filed a pro se petition for postconviction relief seeking to withdraw his plea. In April 2005, the state public defender's office also filed a petition on appellant's behalf arguing that appellant's sentences should run concurrently because the reasons for the departure related to a dispositional departure not a durational departure. Following a hearing, the district court denied both petitions and determined that an additional aggravating factor supported the consecutive sentencing departure. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion in not allowing appellant to withdraw his guilty plea?

II. Did the district court abuse its discretion in ordering appellant's sentence on the drug conviction to run consecutively to the witness-tampering conviction?

## ANALYSIS

A criminal defendant may seek postconviction relief under Minn.Stat. § 590.01, subd. 1 (2004). The petitioner bears the burden of establishing facts alleged in the petition by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3 (2004). To meet this burden, the petitioner must support his allegations with "more than mere argumentative assertions that lack factual support." *Henderson v. State*, 675 N.W.2d 318, 322 (Minn.2004). "The decisions of a postconviction court will not be disturbed unless the court abused its discretion." *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). This court reviews "a postconviction court's findings to determine whether there is sufficient evidentiary support in the record" and will not reverse a district court's findings of fact unless they are clearly erroneous. *Id.* This court reviews conclusions of law de novo. *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003).

## I.

Appellant argues that the district court abused its discretion in not allowing him to withdraw his guilty plea when he was not sentenced pursuant to the plea agreement. We will "reverse the district court's determination of whether to permit withdrawal of a guilty plea only if the district court abused its discretion." *Bolinger v. State*, 647 N.W.2d 16, 20–21 (Minn.App.2002). A criminal defendant does not have an absolute right to withdraw a guilty plea once entered. *Alanis v.*

*State,* 583 N.W.2d 573, 577 (Minn.1998). But a criminal defendant may withdraw a guilty plea, even after sentencing, if the defendant shows that "withdrawal of the plea is necessary to correct a manifest injustice." *State v. Ecker,* 524 N.W.2d 712, 715–16 (Minn.1994) (quoting Minn. R.Crim. P. 15.05, subd. 1). "A manifest injustice occurs when a guilty plea is not accurate, voluntary, and intelligent." *Alanis,* 583 N.W.2d at 577.

▮▮▮ Here, the district court ruled that appellant's request was untimely and he failed to show that the withdrawal was necessary to correct a manifest injustice. While there is no established time limit barring motions for withdrawal of a guilty plea, such motions should be "made with due diligence, considering the nature of the allegations therein." *Chapman v. State,* 282 Minn. 13, 17, 162 N.W.2d 698, 701 (1968). The factors to be considered when determining whether a motion for plea withdrawal is timely are: (1) the district court's interest in preserving the finality of convictions, *see State v. Washburn,* 602 N.W.2d 244, 246 (Minn.App. 1999); (2) the defendant's diligence in seeking withdrawal, *see Doughman v. State,* 351 N.W.2d 671, 675 (Minn.App. 1984), *review denied* (Minn. Oct. 16, 1984); and (3) whether the delay causes undue prejudice to the state's prosecution of the case, *State v. Byron,* 683 N.W.2d 317, 321 (Minn.App.2004), *review denied* (Minn. Sept. 29, 2004). Appellant moved to withdraw his guilty plea more than two years after he was sentenced. Because the drug evidence has been destroyed, and witnesses' memories of the events have likely faded, the delay causes undue prejudice to the prosecution of the case. Therefore, the district court did not abuse its discretion in finding that appellant's request to withdraw his plea was untimely.

▮▮▮ Appellant also argues that the district court abused its discretion in denying his request because he had an absolute right to withdraw his guilty plea when the plea agreement was not followed. The district court is vested with broad discretion in determining whether a defendant is allowed to withdraw his guilty plea. *State v. Kunshier,* 410 N.W.2d 377, 379 (Minn.App. 1987), *review denied* (Minn. Oct. 21, 1987). However, a defendant should be allowed to withdraw his guilty plea if an unqualified promise is made on the sentence to be imposed and that promise is not fulfilled. *Id.* In *Kunshier,* the defendant moved to withdraw his guilty plea when the prosecutor recommended consecutive sentencing rather than concurrent as discussed in plea negotiations. *Kunshier,* 410 N.W.2d at 378–79. The district court denied the motion based on a finding that no definite promises had been made on sentencing. Id. On appeal, this court concluded that the district court erred in denying appellant's motion because the record showed that appellant's guilty plea was induced by a promise as to sentencing which was not fulfilled. Id. at 379–80. This case can be distinguished from *Kunshier* because appellant did not receive an unqualified promise regarding the sentence to be imposed. The district court informed appellant numerous times prior to offering his plea that it did not accept the offered plea agreement relative to the negotiated sentence and because it did not agree, it would not allow him to withdraw his plea at sentencing if the plea agreement was not followed. Appellant acknowledged that he understood that the court did not agree to follow the plea agreement and would not allow him to withdraw his plea if the plea agreement was not followed. Therefore, appellant entered his guilty plea voluntarily and intelligently despite the district court's warnings.

## II.

Appellant argues that the district court abused its discretion in using aggravating factors unrelated to the crimes to justify consecutive sentencing. A district court has broad discretion to depart from the presumptive sentence under the sentencing guidelines. *State v. Gassler,* 505 N.W.2d 62, 69 (Minn.1993). "We review a [district] court's departure from the sentencing guidelines for abuse of discretion." *State v. Geller,* 665 N.W.2d 514, 516 (Minn.2003). If a district court departs from the presumptive sentence, it must, at the time of sentencing, provide written reasons which specify the substantial and compelling nature of the circumstances. *Rairdon v. State,* 557 N.W.2d 318, 326 (Minn.1996). While the district court did not provide a departure report, a departure from the guidelines will not be precluded for lack of a departure report. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985).

"If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure." *Id.* "[I]f the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify [the] departure, the departure will be affirmed." *Id.* But, "[i]f the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed." *Id.* The question presented to the district court when considering a departure "is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984).

The reasons articulated by the court at sentencing to justify the departure were appellant's failure to (1) cooperate with the PSI, (2) appear for sentencing, and (3) abide by the conditions of his release. These factors do not relate to appellant's offenses, but rather, to his behavior following sentencing. An upward durational departure must focus only on offense-related factors and may not consider offender-related factors. See *State v. Chaklos,* 528 N.W.2d 225, 228 (Minn.1995). However, in denying appellant's postconviction petition the district court stated that while the witness-tampering charge is not listed among the aggravating factors in the sentencing guidelines, appellant committed the witness-tampering crime with the intention of altering the outcome of the case, which was an aggravating factor that affected sentencing.

Appellant was originally charged with terroristic threats because he threatened to kill the individual he believed was going to testify against him in the pending first-degree drug case. Pursuant to the plea agreement, appellant pleaded guilty to the amended charge of tampering with a witness. Under Minn.Stat. § 609.498, subd. 1(a) (2000), whoever "intentionally prevents or dissuades or intentionally attempts to prevent or dissuade by means of force or threats of injury to any person or property, a person who is or may become a witness from attending or testifying at any trial, proceeding, or inquiry authorized by law" is guilty of first-degree tampering with a witness. A death threat, that is specific and likely to be carried out, is not an element of the crime of first-degree tampering with a witness. The threat of great bodily harm or death is an element of the crime of aggravated first-degree tampering with a witness under Minn.Stat. § 609.498, subd. 1b(a) (2000) ("if the person causes or, by means of an implicit or explicit credible threat, threatens to cause great bodily harm or death to another ... preventing or dissuading or attempting to prevent or dissuade ... a witness from

attending or testifying at any criminal trial or proceeding"), and terroristic threats, under Minn.Stat. § 609.713, subd. 1 (2000) ("[w]hoever threatens, directly or indirectly, to commit any crime of violence with purpose to terrorize another or ... in a reckless disregard of the risk of causing such terror."). Appellant did more than intentionally prevent or dissuade or attempt to prevent or dissuade an individual from testifying against him by means of force or threats of injury. Appellant made an implicit credible threat to cause great bodily harm or death to the individual he believed was going to testify against him in the pending drug case. Because the threat of death is not an element of the crime of first-degree tampering with a witness, the district court did not abuse its discretion in using it as an aggravating factor in sentencing appellant. Therefore, the district court's imposition of consecutive sentencing is affirmed.

## DECISION

The district court's finding that appellant's request to withdraw his plea is untimely was not an abuse of discretion, and appellant knowingly and intelligently entered his guilty plea despite the district court's warning that it did not accept the offered plea agreement relative to the negotiated sentence and that it would not allow him to withdraw his plea at a later date if the plea agreement was not followed. Further, because appellant threatened to cause great bodily harm or death, which are not elements of the crime of first-degree tampering with a witness, the district court did not abuse its discretion in using the death threats as an aggravating factor in sentencing appellant to an upward durational departure.

**Affirmed.**