*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0848**

Douglas Neil Raasch, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 2, 2015
Affirmed
Hooten, Judge**

Isanti County District Court
File No. 30-CR-10-132

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Deanna N. Natoli, Assistant County Attorney, Cambridge, Minnesota (for respondent)

        Considered and decided by Smith, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

        Appellant pleaded guilty to second-degree criminal sexual conduct and was sentenced. Two years later, appellant filed a petition for postconviction relief, seeking to

withdraw his guilty plea and arguing that his plea was constitutionally invalid because he entered into it involuntarily due to improper pressure from his attorneys. On appeal from the district court's order denying the postconviction petition, we affirm.

**FACTS**

In 2010, appellant Douglas Neil Raasch was charged with second-degree criminal sexual conduct. Raasch was represented by two public defenders. In 2011, Raasch requested that his public defenders be discharged so he could retain private counsel. The district court denied this request, advising Raasch that until a private attorney filed a certificate of representation or appeared on his behalf, he would be represented by the public defender.

In 2012, Raasch entered an *Alford* plea[1] to second-degree criminal sexual conduct under a plea agreement with respondent State of Minnesota. At the plea hearing, he was represented by one of his public defenders who, along with the district court judge, examined Raasch regarding his waiver of rights and his proffered *Alford* plea.

During the plea colloquy, Raasch acknowledged that he had "had enough time to talk" with his attorneys about pleading guilty. His public defender showed him the rule 15 plea petition, and Raasch acknowledged that he had reviewed the plea petition and signed it. *See* Minn. R. Crim. P. 15. Paragraph five of the plea petition states, "I feel that

---

[1] A defendant who pleads guilty via an *Alford* plea maintains his innocence, but concedes that there is sufficient evidence to support a verdict of guilty. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). This procedure was adopted by the Minnesota Supreme Court in *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977).

I have had sufficient time to discuss my case with my attorney. . . . I am satisfied that my attorney has represented my interest and has fully advised me."

The district court asked Raasch if he had "had enough time to discuss this matter with [his] attorneys," and Raasch indicated that he had. The district court asked him whether "anybody made any threats or promises to [him] or anybody [he] know[s] in order to get [him] to plead guilty," and Raasch replied, "No." The district court asked him if his attorneys "advised [him] to [his] satisfaction regarding [his] rights [and] the possible defenses," and Raasch responded, "Yes." Raasch confirmed that he had received discovery and discussed it with his attorneys. The district court told Raasch that, if he proceeded to trial, he would "be given an opportunity to present any evidence that [he] thought was favorable," and he "could compel the attendance of witnesses if [his] attorneys] thought that would be helpful to [his] case." Raasch stated that he understood these rights and that he was giving them up. The district court accepted the plea, and Raasch was sentenced the next day.

In 2014, Raasch submitted a petition for postconviction relief, contending that his guilty plea was based on improper pressure from his attorneys and was therefore invalid. Raasch filed an affidavit in which he alleged that his other public defender, who did not appear at the plea hearing, had "pushed" him to plead guilty and did not want to take his case to trial because he was about to start a new job in Anoka County. Raasch also alleged that his public defenders refused to show him discovery and told him that they would not call his witnesses if he proceeded to trial. Finally, Raasch suggested that the district court wrongly denied his request to discharge his public defenders.

3

The district court denied Raasch's postconviction petition. It found that Raasch's allegation that his plea was induced by improper pressure from his attorneys was contradicted by the evidence in the record. The district court also found that Raasch

> did not produce any corroborating or additional information or evidence with his motion besides his own affidavit to show that his attorneys acted in a manner to push him into a plea situation that he is now claiming he did not want. [Raasch] did not raise . . . the issue of being pressured into [a] plea at the time of the hearing, [and] in fact the transcript shows that he was asked twice if he had been forced into the [plea agreement] and both times he indicated that he had not.

The district court concluded that the guilty plea was valid and that "the petition and files and records of the proceeding conclusively show that [Raasch] is entitled to no relief." This appeal followed.

**D E C I S I O N**

Raasch argues that the district court abused its discretion by denying his postconviction petition to withdraw his guilty plea because the plea was involuntary. "Generally, a person convicted of a crime who claims the conviction violates his rights under the constitution or laws of the United States or Minnesota may file a petition for postconviction relief." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012); *see also* Minn. Stat. § 590.01, subd. 1 (2014). "The petitioner bears the burden of establishing facts alleged in the petition by a fair preponderance of the evidence." *Black v. State*, 725 N.W.2d 772, 775 (Minn. App. 2007). "To meet this burden, the petitioner must support his allegations with more than mere argumentative assertions that lack factual support." *Id.* (quotation omitted).

4

> We review a denial of a petition for postconviction relief . . . for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record. We review a postconviction court's factual determinations under a clearly erroneous standard, and do not reverse those determinations unless they are not factually supported by the record. But we review the court's legal conclusions de novo.

*Riley*, 819 N.W.2d at 167 (quotation and citations omitted).

A defendant may withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* "A defendant bears the burden of showing his plea was invalid." *Id.* The validity of a plea is a question of law that we review de novo. *Id.* Whether a plea is voluntary depends on "what the parties reasonably understood to be the terms of the plea agreement." *Id.* at 96. The voluntariness requirement ensures "that the defendant is not pleading guilty because of improper pressures." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983).

The district court concluded that Raasch did not prove by a preponderance of the evidence the facts he alleged in the petition. *See Black*, 725 N.W.2d at 775. We conclude that the district court's findings of fact are not clearly erroneous. The record clearly indicates that, during the plea hearing, Raasch acknowledged that he received discovery in this case, was apprised of what evidence could be offered against him, and understood that he would be able to call the witnesses he wanted to call. Further, Raasch

5

stated that he had had enough time to talk to his attorneys and that his attorneys had satisfactorily advised him about his rights and possible defenses. He acknowledged in the plea petition that he was satisfied with his attorneys' representation. While the district court did not discharge Raasch's public defenders, it was for a good reason: the district court did not want to leave him without representation. Finally, Raasch's assertion that one of his public defenders pressured him into pleading guilty is undercut by the fact that, at the plea hearing, his other public defender appeared on Raasch's behalf, not the one whom he claimed pressured him into pleading guilty. Ultimately, the only support for Raasch's contention that he pleaded guilty due to improper pressure from his attorneys is his own self-serving statements in his affidavit, but these "argumentative assertions" do not entitle him to the relief he seeks. *See id.*

The district court correctly concluded that the record contains no support for Raasch's claim that his guilty plea was involuntary. The district court did not abuse its discretion by denying Raasch's petition for postconviction relief.

**Affirmed.**