*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1456**

State of Minnesota,
Appellant,

vs.

Jonathon Michael Honeycutt,
Respondent.

**Filed January 25, 2016
Reversed and remanded
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-14-486

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Mark J. Miller, Mark J. Miller, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

The state challenges the district court's dispositional departure from the presumptive prison sentence for respondent's conviction of first-degree criminal sexual

conduct. Because the district court's factual findings are not supported by the record, we reverse and remand for resentencing.

## FACTS

Following a jury trial, respondent Jonathon Michael Honeycutt was found guilty of first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(h)(iii) (2010), stemming from ongoing sexual contact between respondent and his then-13-year-old niece. The jury also found an aggravating factor of "multiple (more than one) forms or types of sexual penetration committed against the victim." Throughout the trial and sentencing, respondent denied any wrongdoing and claimed that the victim fabricated the sexual relationship. The Ramsey County Community Corrections Department completed a presentence investigation report and recommended a presumptive sentence to the commissioner of corrections of 144 months, with a lower range of 144 months and an upper range of 172 months, plus a ten-year conditional release period.

Respondent moved for a downward dispositional departure from the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 609.342, subd. 3 (2010), arguing that he was unlikely to reoffend, had stable employment and a stable family life, did not present a risk to the public, and was amenable to treatment. At no time in the proceedings did respondent express any remorse. The state opposed the motion and argued for a 144-month prison term based upon the seriousness of the crime and the existence of an aggravating factor. The prosecutor argued that "[t]his crime is very serious. It is one of the most serious crimes we have on the books and this particular offense is one of the most serious, interfamilial kinds of sexual abuse that is possible." The district court granted respondent's

motion for a dispositional departure and imposed a stayed 144-month prison sentence. The district court judge stated that respondent's recidivism rate "is about as low as it can get" and further stated:

> I find the substantial and compelling reasons for this departure are that [respondent] is amenable to treatment, amenable to probation, lack of a felony record at his age. He has family support, he has the ability to obtain meaningful employment, and I believe he will cooperate completely with probation.

The state appeals, claiming the district court abused its discretion by granting a dispositional departure.

## D E C I S I O N

We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). The Minnesota Sentencing Guidelines limit the district court's discretion by "prescribing a sentence or range of sentences that is 'presumed to be appropriate.'" *Id*. at 308 (quoting Minn. Sent. Guidelines 2.D.1 (2012)). Thus, a district court "must pronounce a sentence within the applicable range" articulated by the sentencing guidelines "unless there exist identifiable, substantial, and compelling circumstances" distinguishing the case. *Id*. (quotation omitted).

If the district court departs from a presumptive sentence, "it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *review denied* (Minn. Apr. 16, 2002). This court examines the record to determine if the reasons given by the district court justify the departure. *Black v. State*, 725 N.W.2d 772, 777 (Minn. App. 2007). If the reasons

3

given are improper or inadequate but there is sufficient evidence in the record to justify the departure, this court will affirm. *Id*. However, "[i]f the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed." *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003).

The state argues the district court's dispositional departure should be reversed for three reasons: (1) the district court failed to make the necessary factual finding that respondent was particularly amenable to probation, (2) the facts do not establish that respondent was particularly amenable to probation, and (3) a probationary sentence is disproportional to the severity of the offense. We agree with the state and reverse and remand for resentencing.

## I.

The state argues that the district court erred by staying respondent's prison sentence without first determining that he was particularly amenable to probation. Although the district court found that respondent was "amenable to probation," it failed to make an explicit factual finding that respondent was *particularly* amenable to probation. "[A] defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence." *Soto*, 855 N.W.2d at 308 (emphasis omitted) (quotation omitted). The *Soto* decision instructs that being amenable to probation—as opposed to being *particularly* amenable to probation—is insufficient to justify a departure. *See id*. at 308-09. Requiring a defendant to be particularly amenable to probation "ensure[s] that the defendant's amenability to probation distinguishes the defendant from most others and truly presents the substantial

4

and compelling circumstances that are necessary to justify a departure." *Id*. at 309 (quotations omitted). The district court erred by departing from the presumptive sentence without a particular-amenability finding.

## II.

The state further claims that the district court abused its discretion by granting a dispositional departure because the facts do not establish respondent's particular amenability to probation. We agree. While we "afford the [district] court great discretion in the imposition of sentences," *id.* at 307-08 (quotation omitted), this court may interfere with the district court's decision if it failed to "carefully evaluate[] all the testimony and information presented before making a determination." *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011).

A defendant's particular amenability to individualized treatment in a probationary setting may support a dispositional departure. *Soto*, 855 N.W.2d at 308 (quoting *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982)). The sentencing guidelines set forth a "nonexclusive list" of mitigating factors that may justify a dispositional departure. Minn. Sent. Guidelines II.D.2 (2010). Additional factors including "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of [the defendant's] friends and/or family" are also relevant to a determination of whether a dispositional departure is justified. *Trog*, 323 N.W.2d at 31. However, the presence of one or more mitigating factors "[does] not obligate the court to place defendant on probation or impose a shorter term than the presumptive term." *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984).

5

Here, the district court found that "substantial and compelling reasons" justified a dispositional departure. The district court found that respondent was amenable to treatment and to probation, citing favorably to his "lack of a felony record at his age," his "family support," and his "ability to obtain meaningful employment." The district court also reviewed psychosexual evaluations performed through Ramsey County Community Corrections and concluded that respondent's rate of recidivism was "about as low as it can get." However, the district court's decision disregarded certain *Trog* factors and ignored other facts in the record. Through the trial and sentencing phases, respondent did not express remorse for his conduct. Further, the district court's reliance on respondent's "ability to obtain meaningful employment" is misplaced, as the Minnesota Sentencing Guidelines state that "[e]mployment factors" should not be used as reasons for departure from the presumptive sentence because they are a "manipulable" factors. Minn. Sent. Guidelines II.D.1 & cmt. II.D.101 (2010).

Substantial and compelling circumstances are those that make a case atypical. *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003). Although certain factors support a dispositional departure, the record taken as a whole does not support the district court's decision that "substantial and compelling reasons" justify a departure from the presumptive prison sentence in this case. Because the reasons given are improper and inadequate and there is insufficient evidence in the record supporting a departure, *see Geller*, 665 N.W.2d at 516, we determine that the district court abused its discretion, and we reverse and remand for resentencing.

## III.

Lastly, the state relies on *Soto* and argues that a probationary sentence "is not proportional to the severity of [respondent's] offense." *See Soto*, 855 N.W.2d at 313. It is unnecessary to address the issue because we hold that the district court abused its discretion by imposing a dispositional departure.

**Reversed and remanded.**