*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1010**

State of Minnesota,
Appellant,

vs.

Eric Alan Gramentz,
Respondent.

**Filed February 26, 2024**
**Reversed and remanded**
**Frisch, Judge**

Brown County District Court
File No. 08-CR-22-278

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for appellant)

Joseph A. Gangi, Farrish Johnson Law Office, Chtd., Mankato, Minnesota; and

Patrick J. Casey, Knutson + Casey, PC, Mankato, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Frisch, Judge; and Smith, John,

Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FRISCH**, Judge

The state challenges the district court's imposition of a downward dispositional departure from the presumptive prison sentence following respondent's convictions for one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Because the district court did not identify substantial and compelling reasons to depart from the presumptive prison sentence, we reverse and remand for resentencing.

## FACTS

On April 6, 2022, appellant State of Minnesota charged respondent Eric Alan Gramentz with one count of first-degree criminal sexual conduct pursuant to Minn. Stat. § 609.342, subd. 1(h)(iii) (2016) (count one), and one count of second-degree criminal sexual conduct pursuant to Minn. Stat. § 609.343, subd. 1(h)(iii) (2016) (count two), for ongoing sexual contact between Gramentz and his minor daughter. The state later added one count of second-degree criminal sexual conduct pursuant to Minn. Stat. § 609.343, subd. 1(a) (2014) (count three), for sexual conduct between Gramentz and his other minor daughter.

Gramentz pleaded guilty to each count with no agreement as to sentencing. Gramentz moved the district court for a downward dispositional departure from the presumptive sentence. The presentence investigation report (PSI) included a recommendation that the district court impose the presumptive guidelines prison sentence for each count—144 months for count one, 150 months for count two, and 119 months for

count three.  The PSI reflected that Gramentz cooperated with the PSI, had no criminal history, and appeared to show remorse for the victims.  Gramentz also participated in a psychosexual evaluation, which recommended treatment.  At the sentencing hearing, Gramentz argued that he was particularly amenable to probation based on the psychosexual evaluation and the PSI.  The state asked the district court to deny the motion and impose executed sentences.

The district court granted the motion for a downward dispositional departure.[1]  In so doing, the district court stated:

> [Y]ou deserve to be in prison.  And you deserve to be in prison for as long as the—the sentencing guidelines say.  And that's why I sentenced you consecutively, so that if you blow it, you can go sit away for a long time.  But your daughters don't deserve to live with that.  You have already given them something else to live with that will be a lifetime sentence, they can never change that.  I'm not going to give them another sentence where they feel responsible for you going to prison that long and they feel responsible if anything happens to you in prison.
>
> Your being a police officer has nothing to do with this except for the fact that I would expect more of you.  But at the same time, your daughters do not need to be punished more than they already have been.

---

[1]  The district court imposed 144 months' imprisonment for count one, 150 months' imprisonment for count two, and 119 months' imprisonment for count three, and stayed each sentence for 25 years.  The sentence for count one included a 10-year conditional-release period and the sentences for counts two and three included 99-year conditional-release periods.  The stayed sentences for counts one and two were concurrent and the stayed sentence for count three was consecutive.  We note that the record does not contain a warrant of commitment.

3

Approximately one week later, the district court issued a written sentencing order and memorandum, setting forth the following bases for granting the motion for a downward dispositional departure: (1) the psychosexual evaluation "indicated that [Gramentz] is amenable to probation and outpatient sex offender treatment," (2) the victims' impact statements and requests that Gramentz not be sent to prison, and (3) the "comprehensive and strict probationary conditions" of the sentence. The state appeals.

**DECISION**

The Minnesota Sentencing Guidelines "prescrib[e] a sentence or range of sentences that is presumed to be appropriate." *State v. Soto*, 855 N.W.2d 303, 308 (Minn. 2014) (quotation omitted). Pursuant to these guidelines, a district court "must pronounce a sentence of the applicable disposition and within the applicable range unless there exist identifiable, substantial, and compelling circumstances to support a departure." Minn. Sent'g Guidelines 2.D.1 (Supp. 2017); *see also* Minn. Sent'g Guidelines 2.D.1 (2014). "We review a district court's decision to depart from the presumptive guideline sentence for an abuse of discretion." *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016).

If the district court chooses to depart from a presumptive sentence, "it must exercise that discretion by deliberately considering circumstances for and against departure." *State v. Mendoza*, 638 N.W.2d 480, 483 (Minn. App. 2002), *rev. denied* (Minn. Apr. 16, 2002). We examine the record to determine whether the reasons given by the district court justify the departure. *Black v. State*, 725 N.W.2d 772, 777 (Minn. App. 2007). "If the reasons given are improper or inadequate but there is sufficient evidence in the record to justify the departure," we will affirm. *Id.* (quotation omitted). But "[i]f the reasons given are

4

improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed." *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003) (quotation omitted).

The state argues the sentence should be reversed because the district court failed to make the necessary finding that Gramentz was particularly amenable to probation and that the facts do not establish that Gramentz was particularly amenable to probation. We first address the district court's basis for granting the departure motion and then consider whether the record justifies a departure from the presumptive sentence.

"[M]erely being amenable to probation—as opposed to being *particularly* amenable to probation"—does not justify a departure from a presumptive prison sentence. *Soto*, 855 N.W.2d at 308. The district court must exercise its own independent judgment and may not delegate this finding. *Cf. State v. Henderson*, 527 N.W.2d 827, 829 (Minn. 1995) (stating that delegation of the district court's authority in determining conditions of probation was "exclusively a judicial function that cannot be delegated to executive agencies"); *Young v. Young*, 370 N.W.2d 57, 66 (Minn. App. 1985) ("[T]he court has a duty to exercise its own independent judgment regarding the decisions . . . ."), *rev. denied* (Minn. Sept. 13, 1985). To determine whether a person is particularly amenable to probation, courts typically consider "[n]umerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family"—commonly known as the *Trog* factors. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982); *see also State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011).

5

The state correctly observes that the district court did not find that Gramentz was particularly amenable to probation. Instead, the district court described the psychosexual evaluation as "indicat[ing] that [Gramentz] is amenable to probation." This is not a finding of particular amenability *by the district court*; it is merely a recitation of the contents of the psychosexual evaluation. Even so, neither the psychosexual evaluation nor the district court concluded that Gramentz was *particularly* amenable to probation.[2] The absence of this finding is significant. A finding of particular amenability justifies a departure from the presumptive guidelines sentence because such a finding recognizes that "the defendant's amenability to probation distinguishes the defendant from most others and truly presents the substantial and compelling circumstances that are necessary to justify a departure." *Soto*, 855 N.W.2d at 309 (quotation omitted).[3]

The state also argues that the district court improperly based its departure decision on the statements and concerns of the victims. A dispositional departure generally focuses

---

[2] We note that the district court's finding, that the strict probationary conditions justified the departure, is insufficient to support a sentencing departure in the absence of a finding that Gramentz is particularly amenable to probation.

[3] Gramentz cites two nonprecedential decisions in support of his argument that the absence of a finding that he was "particularly" amenable to probation does not require a conclusion that the district court abused its sentencing discretion in granting the departure motion. *State v. Adams*, No. A23-0408, 2023 WL 5525080 (Minn. App. Aug. 28, 2023); *State v. Wetzel*, No. A19-0091, 2019 WL 4409410 (Minn. App. Sept. 16, 2019). *Adams* and *Wetzel* are inapposite. In both cases, we affirmed downward dispositional departures where the district court failed to explicitly find the defendant particularly amenable to probation in pronouncing a sentence but affirmatively considered *Trog* factors. *Adams*, 2023 WL 5525080, at *4-5; *Wetzel*, 2019 WL 4409410, at *3-4. Here, the district court did not analyze or make findings related to the *Trog* factors and did not otherwise set forth any other proper basis to conclude that Gramentz was particularly amenable to probation.

on the characteristics of the offender. *Solberg*, 882 N.W.2d at 623. In pronouncing sentence, the district court told Gramentz that he "deserve[d] to be in prison for as long as . . . the guidelines say," but it departed from the presumptive guidelines sentence because it was "not going *to give [the victims] another sentence* where they feel responsible for you going to prison that long." (Emphasis added.) The perceived effect of a prison sentence on a victim is not an offender-related characteristic that can justify imposition of a downward dispositional departure. The district court therefore abused its discretion because it based its decision to depart from the sentencing guidelines on improper considerations.

The state argues that the record does not support a finding that Gramentz is particularly amenable to probation. In response, Gramentz asserts that the record as a whole supports a sentencing departure, but if the district court abused its discretion, we should remand for resentencing. Gramentz specifically argues that his age, remorse, cooperation, attitude in court, criminal history, motivation to succeed on probation, and family support demonstrate particular amenability to probation and justify a downward dispositional sentencing departure. The district court made no findings regarding these arguments. We have stated that a district court abuses its sentencing discretion if it fails to "carefully evaluate[] all the testimony and information presented before making a determination." *Pegel*, 795 N.W.2d at 255 (quotation omitted). Our review of the record reveals conflicting evidence of Gramentz's remorse, cooperation, and familial support, and the district court failed to "carefully evaluate" this evidence or resolve these conflicts in making its sentencing decision. *See id.* (quotation omitted). We are ill-suited to reconcile

7

conflicting evidence where the district court has not carefully evaluated such evidence, and we decline to do so. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) ("The function of the court of appeals is limited to identifying errors and then correcting them.").

We therefore reverse the sentencing decision of the district court and remand the matter for resentencing. We express no opinion as to the appropriate sentence on remand. On remand, the district court may exercise its discretion to reopen the record, consider the motion for sentencing departure, and determine the appropriate sentence.[4]

**Reversed and remanded.**

---

[4] On remand, the state may present to the district court the additional issues identified on appeal, including, but not limited to, clarifying the entry of conviction for each count, calculation of the criminal-history score, and the proper conditional-release duration.